IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Betty J. Argabrite,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Jo Anne B. Barnhart, Commissioner of Social Security,<br><br>　　　　Defendant. | No. CIV 04-635-TUC-CKJ<br><br>**ORDER** |

## I. BACKGROUND

Pending before the Court is Plaintiff's Motion for Summary Judgment pertaining to the denial of disability benefits by the Administrative Law Judge ("ALJ") in her case. Also pending before the Court is Defendant's Cross-Motion for Summary Judgment regarding the same denial of disability benefits.

United States Magistrate Judge Charles R. Pyle issued a Report and Recommendation ("R & R") on February 13, 2006. In that R & R, Magistrate Judge Pyle recommended granting Plaintiff's Motion for Summary Judgment and denying Defendant's Cross-Motion for Summary Judgment. The R & R indicated that any party could file written objections to the R & R. Defendant filed its objections to the R & R on February 24, 2006. Plaintiff filed her response to those objections on April 7, 2006.

## II. STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the R & R.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   The Court reviews for clear error the unobjected-to portions of the R & R. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

## III. DISCUSSION OF DEFENDANT'S OBJECTIONS

### A.  Determination of Residual Functional Capacity ("RFC")

Defendant argues that the R & R mischaracterized the ALJ's statement that "Plaintiff's residual functional capacity remains to be assessed." *See* Objections at 2.  Defendant argues that the R & R excerpted this statement to suggest that the ALJ believed there was not enough evidence to make a RFC determination. *See id.*  However, as Defendant correctly argues, the excerpted statement by the ALJ was simply made in reference to proceeding to the Fourth Step of the sequential analysis which required an assessment of Plaintiff's RFC to perform her past relevant work. *See id.*; 20 C.F.R. § 404.1520 (discussing the five-step sequential evaluation process); 20 C.F.R. § 404.1520(e)(discussing step four pertaining to the RFC to perform past work).  Thus, this objection is granted.

Defendant also argues that the R & R mischaracterizes the ALJ's findings at Step Four that Plaintiff could not perform her past work. *See* Objections at 2-3.  The R & R states in relevant part:

> The ALJ's conclusion that Plaintiff is capable of performing medium level physical activity is not supported by substantial evidence.  The Social Security Administration classifies work as sedentary, light, medium, heavy, or very heavy depending on the required physical exertion. 20 CFR § 404.1567.  Medium level work is defined as follows:
>> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work.
>
> ***
>
> The ALJ concluded that Plaintiff could not perform her past relevant work as bartender, waitress, and grill cook.  According to the Dictionary of Occupational Titles, both work as bartender and waitress are considered light work.  It does not follow that if Plaintiff cannot perform past light work, that she is capable of performing medium level work.  Accordingly, the ALJ's finding at step five that Plaintiff can perform medium level work and is thus not disabled is not supported by substantial evidence.

1 *See* R & R at 13-14. Defendant argues that contrary to the assertion in the R & R, the ALJ
2 found that Plaintiff could not perform her past work as a bartender, waitress, and grill cook
3 due to Plaintiff's inability to tolerate concentrated exposure to fumes, odors, dust, gases and
4 poor ventilation. Defendant argues that the ALJ's finding had nothing to do with exertional
5 level. *See* Objections at 2-3. To support this position, Defendant cites to the ALJ's opinion
6 at page 16 of the transcript. *See id.* However, a review of this portion of the opinion shows
7 that the ALJ did not specify that Plaintiff could not perform her past work as a bartender,
8 waitress, and grill cook only because these jobs would expose her to environmental irritants.
9 Rather, this portion of the opinion discusses not only environmental irritants, but Plaintiff's
10 physical and mental capabilities as well. *See* Transcript at 16. As such, Defendant's
11 objection is denied. On remand, the ALJ may address this issue in further detail to clarify
12 her position.

13 Defendant generally argues that the ALJ properly determined Plaintiff's RFC as it was
14 supported by the entire record evidence. *See* Objections at 3-4. Specifically, Defendant
15 objects to the R & R's conclusion that the ALJ erred by failing to obtain the opinion of a
16 vocational expert. *See id.* Defendant argues that the mere existence of a non-exertional
17 impairment does not require a vocational expert; rather, Defendant argues that a "vocational
18 expert is only needed when the ALJ determines that a claimant's non-exertional impairments
19 significantly limit the range of work permitted by exertional limitations." *See id.* Defendant
20 argues that the ALJ properly found that Plaintiff's mental impairments (depression and
21 anxiety disorder) and inability to tolerate environmental irritants did not significantly limit
22 Plaintiff's range of work as the limitations were only mild to moderate obstacles. However,
23 as the R & R correctly emphasized, and Defendant does not dispute, if the "grids accurately
24 and completely describe a claimant's impairments, an ALJ may apply the grids instead of
25 taking testimony from a vocational expert . . . If they do not, then the ALJ must also hear
26 testimony from a vocational expert . . . The grids are based only on strength factors . . . Thus
27 they are sufficient only when a claimant suffers only from exertional limitations . . . The
28 functional limitations caused by anxiety, depression, concentration, and memory impairments

are nonexertional limitations." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir.2001)(holding that the ALJ committed clear legal error by relying on the grids and not obtaining testimony from a vocational expert where plaintiff suffered from nonexertional limitations such as depression and anxiety); *see also Reddick v. Chater*, 157 F.3d 715, 729 (9th Cir.1998)(same). Thus, in light of this authority, the R & R correctly reasoned that a vocational expert was required and failure to obtain one was legal error; the R & R stated in relevant part:

> If the grids do not completely and accurately describe a claimants impairments then the ALJ must hear testimony from a vocational expert. *Id.* In this case, Plaintiff was diagnosed with depressive disorder and generalized anxiety disorder. The ALJ concluded that "claimant's capacity for a wide range of medium work is substantially intact and has not been significantly compromised by her nonexertional limitations." (TR. 18). The ALJ made this conclusion despite the opinion of Dr. Cooke, who indicated that Plaintiff's "ability to perform in an emotionally stable manner would be poor" and that her ability to handle the stress and pressures of day-to-day work would also be poor. (TR. 160). In determining that Plaintiff's mental health did not pose a substantial limitation to Plaintiff's ability to work, the ALJ may have relied on the consultative reports of Dr. Ross and Dr. Brake. Both doctors assessed Plaintiff as having depression and anxiety disorders but found that they posed at most only mild to moderate limitations.
>
> Even if the ALJ did not find Plaintiff's mental health diagnosis sufficient to warrant the testimony of a vocational expert, her own determination that Plaintiff should avoid jobs with concentrated exposure to fumes, odor, dusts, gases, and poor ventilation (*Id.*) indicates that Plaintiff did suffer from nonexertional limitations affecting the types of jobs available. *Kail v. Heckler*, 722 F.2d 1496 (9th Cir.1984). In her decision, the ALJ states that "the nonexertional aspects of the claimant's condition preclude strict application of the Medical-Vocational Rules." (TR. 17). The ALJ then indicates that she still finds the grids to be useful in assessing the Plaintiff's disability. (*Id.*) Since the grids only address problems with strength, they could not have completely and accurately described the Plaintiff's impairments and the ALJ should have taken testimony from a vocational expert.

*See* R & R at 14-15. As the R & R appropriately found that a vocational expert should have been used to present testimony under the circumstances at issue, Defendant's objection is denied. On remand, the ALJ should further consider the testimony of the vocational expert in determining whether or not Plaintiff is disabled.

### B. Opinion of Plaintiff's Treating Physician

Defendant argues that the R & R incorrectly indicated that a treating physician's opinion can only be discredited by clear and convincing evidence. *See* Objections at 5. However, where the treating physician's position is controverted in the record by another expert, an ALJ may reject the treating physician's opinion by providing specific and legitimate reasons. *See id.*; *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989). As Dr. Carnett's opinion was controverted by Dr. Ratliff's opinion, the ALJ is permitted to reject Dr. Carnett's opinion based on specific and legitimate reasons on remand. *See id.* Therefore, Defendant's objection is granted.

Defendant also generally argues that just because two of Plaintiff's treating physician's (Dr. Carnett and Dr. Rotkis) diagnosed Plaintiff with Chronic Obstructive Pulmonary Disease ("COPD"), that is not conclusive of disability and disability is a legal conclusion appropriate for the ALJ. *See* Objections at 5. Nonetheless, the ALJ's conclusion is not entitled to unfettered deference and the R & R pointed out why the ALJ's stated reasons for rejecting Dr. Carnett's opinion were insufficient. The R & R correctly reasoned in relevant part:

> The ALJ reasoned that Dr. Carnett's assessment was vague and conclusory as well as inconsistent with his own notes and the findings of other doctors. (TR. 17). Courts have found this to be a sufficient reason for rejecting a treating physician's opinion, however, substantial evidence must exist to support such a conclusion. *Holohan* 246 F.3d at 1205. The ALJ noted that Dr. Carnett's notes indicated improvement in Plaintiff's breathing and that this was inconsistent with his determination that Plaintiff was disabled. However, Dr. Carnett's notes from that visit still indicate that Plaintiff's breathing required continued monitoring. (TR. 230). Those notes also indicate that Dr. Carnett assessed Plaintiff with COPD (chronic obstructive pulmonary disease). Notes from each of the Plaintiff's visits with Dr. Carnett indicate that the doctor was monitoring her breathing and believed her problems to be consistent with COPD.
>
> Dr. Carnett further referred Plaintiff to Dr. Rotkis, a pulmonary specialist, for evaluation of the condition. (TR. 239-240). This treating physician also indicated that Plaintiff suffered from at least moderate obstructive lung disease. *Id.* While the ALJ did not have the report from the pulmonary specialist to review at the time of the hearing, the report was incorporated in the record by the Appeals Council. Because these records were incorporated by the Appeals Council, they may be considered by the reviewing court. *Ramirez v. Shalala*, 8 F.3d 1449 (9th Cir.1993). Thus, Dr. Carnett's evaluation was consistent with the findings of another doctor, that of

Dr. Rotkis. As treating physicians, both Dr. Carnett's and Dr. Rotkis's, opinions are entitled to great weight.

*See* R & R at 15-16. Defendant's objection is denied. While the ALJ may not reject Dr. Carnett's opinion based solely on the reasons discussed above, the opinion may still be rejected based on additional reasons; for example, additional testimony on remand may further bolster the evidence from Dr. Ratliff, Dr. Ross and Dr. Brake indicating that Plaintiff is not disabled. *See* Transcript at 161, 168, 185.

### C. Lay Witness Testimony

Defendant argues that the R & R suggests that the case should be remanded for payment based in part on the ALJ's decision not to discuss the lay witness testimony of Plaintiff's cousin in the form of two letters. *See* Objections at 5-6. Defendant argues that this decision was harmless and does not warrant a remand for payment. The Court need not address this issue as the Court is already remanding the case for further proceedings to consider the testimony of a vocational expert, as opposed to a remand for payment; on remand, the ALJ should consider and discuss the letters of Plaintiff's cousin in assessing Plaintiff's alleged disability. *See* R & R at 16-17.

### D. Credibility of Plaintiff's Testimony

Defendant argues that the R & R inappropriately found the ALJ's credibility finding deficient because the ALJ did not discount Plaintiff's subjective complaints solely because they were inconsistent with medical evidence or based on her daily activities. *See* Objections at 6-7. Rather, Defendant argues that the ALJ gave specific, additional reasons that are valid grounds for discrediting Plaintiff's testimony and credibility determinations are the province of the ALJ. While the ALJ was aware of some other issues that could impact Plaintiff's credibility,[1] it appears that the ALJ actually discounted Plaintiff's credibility based on

---

[1] For example, the record reflects that Plaintiff was diagnosed with depression, but continued to drink, and that Plaintiff had breathing problems, but continued to smoke; both of these continuing activities contribute to and obviously do not help Plaintiff's conditions. Indeed, Plaintiff's treating physicians directed her to cease with these activities in light of her conditions and medical treatment, but she nevertheless continued to smoke and drink. *See* Transcript at 59, 161, 230, 231, 237, 239,

- 6 -

1  inconsistencies with the medical evidence and based on her daily activities. *See* Transcript
2  at 15-16. Defendant does not dispute that the ALJ improperly relied on these facts in
3  discrediting Plaintiff; rather, the R & R correctly analyzed this issue in detail and properly
4  found that the ALJ should not have relied on those factors to discredit Plaintiff. *See* R & R
5  at 17-21. As such, Defendant's objection is denied. On remand, there may be other valid
6  grounds tending to undermine Plaintiff's credibility.

### E. Remand for Benefits or Further Administrative Proceedings

8  Defendant argues that contrary to the suggestion in the R & R, remand for the award
9  of benefits is not appropriate in this case. The Court agrees. A district court has discretion
10 to remand for further proceedings or to award benefits. *See McAllister v. Sullivan*, 888 F.2d
11 599, 603 (9th Cir.1989). A reviewing court should credit improperly rejected evidence and
12 remand the matter for an award of benefits only when: "(1) the ALJ has failed to provide
13 legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that
14 must be resolved before a determination of disability can be made, and (3) it is clear from the
15 record that the ALJ would be required to find the claimant disabled were such evidence
16 credited." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)(quoting *Smolen v. Chater*,
17 80 F.3d 1273, 1292 (9th Cir.1996)). Generally, a remand for an "award of benefits [is
18 appropriate only] in cases where no useful purpose would be served by further administrative

---

240; *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.1996) ("unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" may be considered by the ALJ in assessing credibility). Further, the record also reflects that while Plaintiff claimed she could not afford medications to treat her conditions for many years, she apparently lived at home with her parents since 1994, received some minimal income for caring for her parents or acting as a nanny, and continued to smoke at least one pack a day during this time. *See* Transcript at 15, 43, 44, 47, 159, 161, 239. Lastly, the Court notes that at the hearing before the ALJ in March of 2004, Plaintiff testified: "I was smoking about a pack-and-a-half a day . . . But I've cut that way down. I have not completely quit, I won't lie to you, but I have cut it down quite a bit. I maybe smoke six or eight during the day sometimes, and that's not near what it was." *See* Transcript at 59. In June of 2004, however, Dr. Rotkis reported: "Despite the history of lung problems she began smoking at age 28 and has smoked one to two packs per day all her life. In the last six months, as she has been having problems, she has been cutting down on her tobacco intake but still smoking almost a pack a day." *See id.* at 239. On remand, the ALJ may consider these issues along with any other appropriate facts in assessing Plaintiff's credibility.

proceedings." *Id.* at 1399 (citation and internal quotes omitted). It is "the unusual case in which it is clear from the record the claimant is unable to perform gainful employment in the national economy" justifying an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). This is not one of those unusual cases. For example, a review of record shows that Dr. Carnett's conclusion as to Plaintiff's disability stems from a boilerplate form where he checked off a couple of boxes and essentially offered no explanation for his conclusions as to Plaintiff's functional limitations. *See Holohan v. Massanari*, 246 F.3d at 1202 (more weight is given to opinions that are explained as opposed to those that are not explained). Further, there is other evidence in the record which does not support or contradicts these conclusions as to Plaintiff's functional limitations. *See Andrews v. Shalala*, 53 F.3d at 1041 (giving more weight to a treating physician's opinion does not mean that no weight is given to other opinions where a treating physician's opinion is contradicted). As already discussed above, remand in this case for further proceedings is necessary to obtain additional evidence and resolve additional issues pertaining to Plaintiff's alleged disability.

### F. Remaining Issues

As to the remaining issues that were not objected to by the parties, the Court has reviewed the entire record and concludes that Magistrate Judge Pyle's recommendations are not clearly erroneous. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

(1) United States Magistrate Judge Pyle's R & R (Doc. #22) is **accepted and adopted in part and rejected in part**.

(2) Plaintiff's Motion for Summary Judgment (Doc. #14) is **granted in part and denied in part**.

(3) Defendant's Cross-Motion for Summary Judgment (Doc. #16) is **denied**.

1  (4) This case is **REMANDED** to the Commissioner for further administrative proceedings
2  in accordance with this Order and the adopted portions of the R & R.
3  (5) Any other pending motions in this case are denied as moot.  The **Clerk of the Court**
4  **shall enter judgment accordingly** and **close the file in this matter**.

   DATED this 27th day of June, 2006.

   _____
   Cindy K. Jorgenson
   United States District Judge